**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| JUDY MIKOVITS, | ) | |
|     Plaintiff, | ) ) ) | 3:15-cv-00409-RCJ-WGC |
| vs. | ) ) | |
| THE WHITTEMORE PETERSON INSTITUTE, | ) ) ) | **ORDER** |
|     Defendant. | ) ) | |

Plaintiff alleges that Defendant submitted false claims to the United States and retaliated against her for reporting this conduct. She raises one *qui tam* count under the Federal False Claims Act (FFCA) as relator for the United States and another count for retaliation. Because the United States shows a legitimate purpose rationally related to dismissal, the Court dismisses the *qui tam* cause of action with prejudice as to the Plaintiff. Additionally, Plaintiff has failed to file proof of service in violation of Federal Rule of Civil Procedure 4(m) and this Court's Order (ECF No. 34), so the Court dismisses the retaliation claim without prejudice and closes the case.

## BACKGROUND

Plaintiff raised one claim under the FFCA based on Defendant allegedly submitting false claims to the United States and one claim based on Defendant allegedly retaliating against her for reporting this conduct. She alleged that Defendant submitted false claims to the United States,

based in part on Plaintiff's research, to acquire federal grants. She further contends that she informed the people in charge of the institution, but Defendant terminated her employment and falsely accused her of theft resulting in government searches and imprisonment. The Court stayed the case for Plaintiff to ask the United States to intervene in this action, but the Government declined.[1]

Subsequently, the Court ordered the case unsealed and directed Plaintiff to file proof of service. (ECF No. 28.) Plaintiff asked for a clarification of that order, specifically when the deadline was to file service, since the Court did not explicitly provide one. (ECF No. 29.) The Court stated that it intended the default deadline under Federal Rule of Civil Procedure 4(m), which allows for ninety days. (ECF No. 30.) The service of that Order was returned undeliverable. (ECF No. 31.) Then, the Government moved for dismissal and the Court issued a new Order directing Plaintiff to file proof of service by November 25, 2019 and to respond to the Government motion. (ECF No. 34.) There the Court noted that this was the "final opportunity" to provide proof of service and threatened Plaintiff with dismissal for failure to comply. (*Id.* at 2:7–8.) Plaintiff confirmed receipt of this Order (ECF No. 34) by responding to the Government's motion, but she still has not filed proof of service. (ECF No. 37.)

## MOTION TO DISMISS

Turning first to the *qui tam* claim, the Court finds that the Government has a legitimate purpose rationally related to dismissal. Thus, the Court dismisses this claim.

---

[1] Plaintiff later filed a "Criminal Complaint" alleging that Defendant is criminally liable for the same conduct. In a civil case, when a plaintiff files a new complaint "[t]he amended complaint supersedes the original, the latter being treated thereafter as non-existent." *Lacey v. Maricopa Cty.*, 693 F.3d 896, 925 (9th Cir. 2012) (quoting *Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)). Plaintiff does not have authority to relate criminal cases, so, for the Plaintiff's benefit, the Court will not interpret the criminal complaint as an amendment that replaces the operative complaint.

## A. Legal Standard

The FFCA allows for the United States to move for dismissal of a *qui tam* case over the objections of the relator if the court allows the relator to be heard on the motion. 28 U.S.C. § 3730(c)(2)(A). A court conducts a burden-shifting analysis to determine if dismissal is proper under Section 3730: first the Government must show "(1) identification of a valid government purpose; and (2) a rational relation between dismissal and accomplishment of the purpose." *U.S. ex rel., Sequoia Orange Co. v. Baird-Neece Packing Corp.*, 151 F.3d 1139, 1145 (9th Cir. 1998) (quoting *U.S. ex rel. Sequoia Orange Co. v. Sunland Packing House Co.*, 912 F. Supp. 1325, 1341 (E.D. Cal. 1995)). If the Government satisfies this burden, then the relator must show that the dismissal would be "fraudulent, arbitrary and capricious, or illegal." *Id.*

## B. Analysis

The Government satisfied its initial burden. Plaintiff is *pro se* and has failed to file proof of service in violation of the rules and the Court's orders. Both of these facts independently merit dismissal of the claim. *See Stoner v. Santa Clara County Office of Educ.*, 502 F.3d 1116, 1127 (9th Cir. 2007) (holding that a plaintiff cannot prosecute a *qui tam* action *pro se*); *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (holding that a court may *sua sponte* dismiss a case under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order). The Government expresses concerns that allowing Plaintiff to proceed under these circumstances could create a binding ruling against any meritorious claims that the Government may have. The Court agrees—this is a legitimate government purpose rationally related to dismissal.

Plaintiff fails to meet her burden against dismissal. In her response, Plaintiff makes no allegation that the dismissal would be fraudulent, arbitrary and capricious, or illegal, instead, she makes two points that are irrelevant. First, Plaintiff complains that she did not initially receive service of prior orders and the motion to dismiss. The Court noticed this problem and fixed it on

its own accord by ordering service to Plaintiff. This issue has no bearing on dismissal. Second, she contends that she adequately pled the causes of action and that the Attorney's General's Office has "mounds of evidence" to prove her claims. Again, this claim is not relevant. Accordingly, the Court grants the Government's motion.

When a court grants dismissal against a relator under 28 U.S.C. § 3730(c)(2)(A), the appropriate procedure is to grant dismissal with prejudice as to the relator and dismissal without prejudice as to the Government. *See* 28 U.S.C. § 3730(c)(1) ("[The Government] . . . shall not be bound by an act of the person bringing the action."). Accordingly, the Court dismisses the *qui tam* claim with prejudice to the Plaintiff and without prejudice to Government.

## FAILURE TO FILE PROOF OF SERVICE

Turning next to the retaliation claim, the Court dismisses this claim without prejudice for failing to file proof of service in violation of Federal Rule of Civil Procedure 4(m) and the Court's Order (ECF No. 30).

**A.  Legal Standard**

If a plaintiff fails to file proof of service after ninety days of filing a complaint, then a court must dismiss his case without prejudice unless he can show good cause. Fed. R. Civ. P. 4(m). A court analyzing good cause looks to whether the defendant had actual knowledge and whether either party would suffer prejudice. *In re Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001).

**B.  Analysis**

In August 2018, the Court ordered Plaintiff to serve Defendant. (ECF No. 28.) Plaintiff confirmed receipt of this order by requesting clarification of it the following October. (ECF No. 29.) A year later, the Court ordered Plaintiff to file proof of service by November 25 and respond to the Government's motion or face dismissal of the case. Plaintiff confirmed receipt of this order

///

by responding to the Government's motion. (ECF No. 37.) In spite of these orders, Plaintiff has never filed proof of service. Thus, dismissal is proper unless Plaintiff demonstrates good cause.

Plaintiff has not filed anything in response to the Court's latest mandate for service. Therefore, she has not shown how the factors would favor a finding of good cause. There is nothing in the record to suggest that Defendant is aware of this case or that dismissal would prejudice Defendant. Plaintiff does not argue that dismissal would severely prejudice her; however, since the case arises from events that occurred before this case started in 2014 her claims may be time-barred. Nonetheless, Plaintiff has failed to meet her burden for good cause. The Court dismisses her claim for retaliation and closed the case.

## CONCLUSION

IT IS HEREBY ORDERED that Motion to Dismiss (ECF No. 33) is GRANTED.

IT IS FURTHER ORDERED that the *qui tam* claim brought on behalf of the United States is DISMISSED WITH PREJUDICE as to Plaintiff and DISMISSED WITHOUT PREJUDICE as to the United States.

IT IS FURTHER ORDERED that the claim for retaliation is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that the Clerk of the Court shall close this case.

IT IS SO ORDERED.

Dated March 2, 2020.

_____
ROBERT C. JONES
United States District Judge